## §IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODENA CARBONE<br>422 Sycamore Avenue<br>Croydon, PA 19021<br><br>*Plaintiff,*<br><br>v.<br><br>BALLARD SPAHR LLP,<br>GARY MELHUISH,<br>ELIZABETH MORGAN<br>KEITH A. GARLAND, SR.<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103<br><br>*Defendants* | CIVIL ACTION<br>DOCKET NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Jodena Carbone (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby brings the following Civil Action Complaint against the Defendants named above, and in support thereof she avers as follows:

## INTRODUCTION

1.     Plaintiff files this Complaint against Defendant, Ballard Spahr LLP ("Ballard"), its Manager of Litigation Support Services Gary Melhuish ("Melhuish"), its Director of Practice Management Elizabeth Morgan ("Morgan"), and its paralegal supervisor Keith A. Garland, Sr. ("Garland") (all collectively referred to as "Defendants") to redress violations by the Defendants, individually and collectively pursuant to the applicable sections of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 42, *et seq.*, and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.*

1

2.      Plaintiff's claims against her former employer are properly and adequately based on Ballard's purposeful failure to properly evaluate Plaintiff's work performance so as disallow her retention as a Paralegal while retaining substantially younger male and female comparators who were less senior and/or male. In short, when Plaintiff began inching towards the age of 60, Ballard began initiating steps to remove her from its payroll based solely on her age, as detailed below.

3.      Ballard's actions led to Plaintiff's discharge as an employee and Plaintiff brings the instant action to remedy past and ongoing age and sex discrimination that was affected against her as well as other older female employees by Ballard and aided by her supervisors, Defendants Garland, Morgan, and Melhuish.

## JURISDICTION AND VENUE

4.      Jurisdiction is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §626(c), and 42 U.S.C. §12117, all of which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

5.      Pursuant to Rule 5.1.1 of the Local Rules of Civil Procedure for the Eastern District of Pennsylvania, which prohibits the averment of specific monetary damages, Plaintiff avers only that the amount in controversy exceeds the jurisdictional amount for arbitration of One Hundred Fifty Thousand Dollars ($150,000), exclusive of interest and costs.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) and § 1391(c) because all the employment actions underlying Plaintiff's claims arose in this district, and her claims involve an employer that is located and enacts substantial business within this district.

7.      Plaintiff has exhausted all administrative remedies and has taken all other steps

necessary to bring the instant civil action, having filed a timely Charge of Age and Sex

Discrimination with the Equal Employment Opportunity Commission (EEOC Charge No. 530-

2022-04668), which was dually filed with the Pennsylvania Human Relations Commission

("PHRC") in accordance with the work sharing agreements between those administrative

agencies, and having received the requisite Notice of Suit Rights within the last ninety (90) days

to bring this action before the Court.

## THE PARTIES

### Plaintiff, Jodena Carbone

8.      Plaintiff was born May 2, 1963, and is currently 60 years of age. At all times

applicable to the claims made herein, Plaintiff residence was located at 422 Sycamore Avenue,

Croydon, PA 19021.

9.      At all times applicable to the claims made herein, Plaintiff could perform the

duties assigned to her by her employer, Ballard Spahr, through her supervisors, including but not

limited to defendants Melhuish, Morgan, and/or Garland.

10.     At all times relevant to the present Complaint, Plaintiff was an employee (as that

term is defined in the asserted federal and state anti-discrimination statutes) of Ballard since May

2005, having been employed as a Paralegal at the firm's office's at 1735 Market Street,

Philadelphia, PA 19103.

11.     Plaintiff has extensive education applicable to her career as a Paralegal. She has a

B.B.A. in Marketing from Temple University (1988), an M.A. in Criminal Justice from Holy

Family University (2009), and a J.D. from Rutgers School of Law, Camden (2013). She was

especially active as a law student, serving as Blog and Staff editor of the Rutgers Journal of Law

and Public Policy, a participant in the Hunter Moot Court competition , and a participant in

Jessup International Moot Court competition. She also earned a "Dean's Scholars" award and a

Pro Bono Publico Award while attending Rutgers.

12.     Moreover, prior to starting her employment with Ballard in May 2005, Plaintiff

had already had a long and successful history of employment in the legal industry, having

worked for a decade as a paralegal for various firms, including:

- Mesirov Gelman Jaffe Cramer & Jamison (April 1995 – June 2000)

- Pepper Hamilton LLP (June 2000 – May 2003)

- Klehr Harrison LLP (May 2003 – May 2005).

13.     And while in law school, Plaintiff earned additional legal experience by working

as a Certified Legal Intern for the Philadelphia District Attorney from January 2013 to May

2013.

14.     Upon finishing law school, and despite having J.D. allowing her to become a

member of the bar, Plaintiff continued working with Ballard as a paralegal in the firm's litigation

practice group.

15.     As stated above, Plaintiff always met or exceeded expectations during her almost

seventeen (17) years of employment with Ballard, and she was fired from her position as a

Paralegal with the firm for no reason other than the combined attributes of her age and sex.

**Defendant, Ballard Spahr LLP**

16.     Ballard is a national law firm that employs over 1,100 people in fifteen offices

around the country, with its largest office located at 1735 Market Street, 51st Floor, Philadelphia,

PA 19103.

17.     At all times applicable to the instant Complaint, Ballard was Plaintiff's "employer" as that term is defined in the controlling federal and state anti-discrimination laws and the local ordinance cited herein.

18.     Ballard, by and through its employees and/or agents, including but not limited to Defendants Melhuish, Morgan, and/or Garland, affected intentional age and sex discrimination against Plaintiff by, *inter alia*, refusing to promote her to the Position of Senior Paralegal despite her status as a lawyer, assigned her large, non-billable assignments to establish reasons for discharge despite younger, less experienced individuals being assigned choice billable cases, and terminating her employment despite her latest performance evaluation reflecting superb reviews from the lawyers for whom she performed assigned tasks.

**Defendant, Gary Melhuish**

19.     Defendant, Gary Melhuish, was at all times relevant to the instant action Ballard's Manager of Litigation Support Services, and he directed and actively aided and abetted the discriminatory actions that led to Plaintiff's discharge based on her age and sex.

**Defendant, Elizabeth Morgan**

20.     Defendant, Elizabeth Morgan, was at all times relevant to the instant action Ballard's Director of Practice Management, and she directed and actively aided and abetted the discriminatory actions that led to Plaintiff's discharge based on her age and sex.

**Defendant, Keith A. Garland, Sr.**

21.     Defendant, Keith A. Garland, Sr., was at all times relevant to the instant action a paralegal supervisor for Ballard, and he was Plaintiff's direct supervisor. He directed and actively aided and abetted the discriminatory actions that led to Plaintiff's discharged based on her age and sex.

## **STATEMENT OF RELEVANT  FACTS**

22.     Despite the fact Plaintiff always met or exceeded the expectations set for her by her supervisors throughout the seventeen (17) years she worked for Ballard, she was fired the day after her fifty-ninth (59) birthday without any warning or probationary period. Upon information and belief, Plaintiff's termination was the culmination of a deliberate scheme to lower the amount of money Plaintiff could make for the firm by diverting choice billable work away from her towards younger, less qualified individuals, and then using Plaintiff's low billable hour numbers as pretext for her firing.

23.     Plaintiff's latest work performance evaluations reflected her superb reputation as a high-achieving paralegal with Ballar. In her last evaluation, she exceeded expectations in four (4) categories – judgment/problem solving skills, research, court document preparation, and (4) trial/hearing/depositions assistance – and met expectations in the remaining categories.

24.     Eight lawyers participated in her last evaluation, and they each stated they have confidence in Plaintiff's ability as a paralegal with Ballard. For example, those lawyers stated:

> "Jodena is terrific, reliable, and a pleasure to work with. She's never failed to meet a deadline and her work-product is top notch"

> "always one step ahead; anticipates future needs."

> "Can be counted on to get everything organized and done in a timely manner; helpful and well organized; invaluable in helping with [sic] trial"

> "always willing to help; responsive and available; positive and willing participant on all projects"

25.     Despite Plaintiff's extremely positive yearly evaluations and her status as a lawyer (having graduated from law school in May 2013), Defendant Melhuish informed her in early 2022 that Defendant Morgan was passing her over for the position of Senior Paralegal and

6

instead, as Plaintiff later discovered, the position of Senior Paralegal  was given to a substantially younger, less qualified paralegal that did not have the same level of credentials as Plaintiff.

26.     Ballard did not simply overlook Plaintiff and her qualifications when looking to promote its employees to higher positions; it actively sabotaged her ability to meet the billable hour requirements set for her, and then used the fact she did not meet those goals as pretext for her non-promotion and firing.

27.     Indeed, Plaintiff's direct supervisor, Defendant Garland, deliberately withheld large, billable matters from her, instead assigning those choice, billable assignments, to younger, less qualified paralegals with the firm.

28.     While Garland promised Plaintiff that she would still receive billable credit for all the time she worked/charged on the non-billable matters assigned to her so that she could meet her billable requirements, contrary to these assurances, Plaintiff was later informed that she would not be receiving that credit.

29.     Without the credit she was promised, Plaintiff's billable hours for the year 2021 were low, and on December 3, 2021, Melhuish informed her that she would not be receiving her year-end bonus despite other, younger, less qualified individuals with similar billable hours were given bonuses that same year.

30.     Compounding those deliberate discriminatory  actions, Ballard then utilized Plaintiff's low billables – which were only low due to the Defendants' actions in diverting billable work away from her – as pretext for terminating Plaintiff's employment with the firm.

31.     Due to the Defendant's discriminatory actions against Plaintiff and in favor of younger, less qualified individuals, Plaintiff has and continues to suffer losses of compensation

and benefits she would have earned if she had not been the target of age and sex discrimination
for which there was a pattern and practice at Ballard.

## STATEMENT OF LEGAL LIABILITY

32.     At all times applicable to the instant action, Plaintiff was and is a female older
worker entitled to the full protections provided to female employees over the age of 40 years,
under Title VII, ADEA, and the PHRA.

33.     The defendants' intentional discrimination against Plaintiff because of her age and
sex and retaliation against her for complaining about their discriminatory actions constitute
unlawful violations of the above cited laws, and they have directly caused the losses of
compensation and benefits Plaintiff complains of in this case.

34.     The defendants' unlawful actions constitute a continuing unlawful systemic
pattern and practice of discrimination and retaliation against women – particularly older women
– in the terms and conditions of their employment, including promotions, equal pay and
participation in leadership roles, as well as constituting continuing discrimination and retaliation
against Plaintiff herself.

35.     The defendants' actions have been and continue to be willful and deliberate
against Plaintiff, and they have acted individually and collectively in a manner deliberately
indifferent to Plaintiff's rights in a way that gives rise to an award of punitive damages.

## COUNT I
### [Violations of Title VII of the Civil Rights Act of 1964,
### as amended by The Civil Rights Act of 1991 – Sex Discrimination]

36.     Plaintiff repeats and re-alleges the averments made in the paragraphs above as
though fully set forth herein.

37.     Defendant Ballard violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq,* in that they discriminated against Plaintiff because of her sex, i.e. the combination of  her sex and age were a motivating factor in firing  Plaintiff..

## COUNT II
### [Violations of the Age Discrimination in Employment Act]

38.     Plaintiff repeats and re-alleges the averments made in the paragraphs above as though fully set forth herein.

39.     Defendant Ballard violated the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.,* in that they discriminated against Plaintiff because of her age, i.e. but for her age Plaintiff would not have been fired.

## COUNT III
### [Violations of the Pennsylvania Human Relations Act]

40.     Plaintiff repeats and re-alleges the averments made in the paragraphs above as though fully set forth herein.

41.     In terminating Plaintiff's employment, Defendants violated the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.*, in that they discriminated against Plaintiff and/or aided and abetted discrimination against her on account of his age and sex.[1]

## COUNT IV
### [Aiding and Abetting Tortious Conduct]

42.     Plaintiff repeats and re-alleges the averments made in the paragraphs above as though fully set forth herein.

---

[1] The Pennsylvania Human Relations Commission has not yet dismissed Plaintiff's but that action is expected to be concluded shortly in accordance with the Work Sharing Agreement between the two agencies.

43.     At all times relevant to this action, the firm and individual Defendants were fully aware of the torts being committed, knew the conduct was improper and unlawful, and rendered substantial assistance and encouragement to the other Defendants in establishing and carrying out processes designed to find ways to terminate older, female workers in favor of younger, less qualified candidates.

44.     As a direct and proximate result of the conduct set forth above, Plaintiff has been damaged in an amount exceeding the arbitration jurisdictional amount of $150,000.

## RELIEF SOUGHT

WHEREFORE, as a direct result of the unlawful actions of the Defendants, it is submitted that Plaintiff is entitled to and seeks judgment against the Defendants and each of them in the form of the following relief

a.     appropriate injunctive relief including reinstatement and monetary relief in an appropriate amount;

b.     a monetary award in an amount equal to any losses of pay and benefits she has or will suffer as a result of the unlawful actions of Defendants, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

c.     a monetary award for compensatory damages for emotional distress and humiliation suffered by Plaintiff for the discrimination affected against her by Defendants;

d.     a monetary award for liquidated damages as allowed under the ADEA in an appropriate amount; and

e.     the award of reasonable attorneys' fees and the costs of litigation associated with the pursuit of this Complaint.

Respectfully submitted,

**SPECTOR, GADON ROSEN VINCI P.C.**

By /s/ *Alan B. Epstein*
_____

Alan B. Epstein, Esquire (PA Bar No. 2346)
Adam A. Filbert, Esquire
Seven Penn Center
1635 Market Street, Seventh Floor
Philadelphia, PA  19103
(215) 241-8832
aepstein@sgrvlaw.com
afilbert@sgrvlaw.com

Anthony E. Creato, Esquire
1021 Edwards Drive
Springfield, PA 19064
610-513-5096
acreato@creatolaw.com

*Attorneys for Plaintiff,*
*Jodena Carbone*